THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DOROTHY C. KIM (Cal. Bar No. 206333)
Assistant United States Attorney
Public Integrity & Environmental Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3779
    Facsimile: (213) 894-6436
    E-Mail: dorothy.kim@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant. | CR 06-607-DSF<br><br><u>PLEA AGREEMENT FOR DEFENDANT<br>UNION PACIFIC RAILROAD COMPANY</u> |

1. This constitutes the plea agreement (the "Agreement") between UNION PACIFIC RAILROAD COMPANY ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This Agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. The parties enter into the following Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

## PLEA

2. Defendant agrees to plead guilty to counts one and four of the information in <u>United States v. Union Pacific Railroad Company</u>, CR 06-607-DSF.

3. Defendant will enter its guilty pleas through its counsel of record, authorized by resolution of defendant's Board of Directors, or authorized corporate or company officer.

## NATURE OF THE OFFENSE

4. In order for defendant to be guilty of counts one and four, which charge violations of 33 U.S.C. §§ 1311 and 1319(c)(1)(A), the following must be true: (1) defendant discharged a pollutant from a point source, namely, pipes, ponds, and manholes; (2) defendant discharged the pollutant into a navigable water of the United States, namely, the Los Angeles River; (3) defendant acted without a permit; and (4) defendant acted negligently. <u>United States v. Hanousek</u>, 176 F.3d 1116, 1120-21 (9th Cir. 1999).

Defendant admits that defendant is, in fact, guilty of the offenses as described in counts one and four of the information.

Under well-established principles of corporate liability and *respondeat superior*, as these principles apply in this case, the defendant is liable for the actions of its agents and employees. <u>New York Central and Hudson River R.R. v. United States</u>, 212 U.S. 481, 495 (1909); <u>United States v. Beusch</u>, 596 F.2d 871, 877 (9th Cir. 1979); <u>United States v. Hilton Hotels Corporation</u>, 467 F.2d 1000, 1004-07 (9th Cir. 1972).

## PENALTIES

5. The statutory minimum fine for a violation of 33 U.S.C. §§ 1311 and 1319(c)(1)(A) is $2,500 per day of violation. The statutory maximum sentence that the Court can impose on an organization for a misdemeanor conviction of 33 U.S.C. §§ 1311 and 1319(c)(1)(A), a Class A misdemeanor, is a term of five years probation, pursuant to 18 U.S.C. § 3561(c)(2), a fine of $200,000, pursuant to 18 U.S.C. § 3571(c)(5), or twice the gross gain or gross loss resulting from the offense, whichever is greatest, pursuant to 18 U.S.C. § 3571(d), and a special assessment of $125, pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii).

Therefore, the total maximum sentence for the offenses to which defendant is pleading guilty is: five years of probation; a fine of $400,000, or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $250.

## FACTUAL BASIS

6. Defendant and the USAO agree and stipulate to the statement of facts below. This statement of facts includes facts sufficient to support the pleas of guilty to the charges described in this Agreement. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

   a. Prior to and during the period 2001 and 2003, defendant operated a maintenance yard located in Los Angeles,

California (the "Taylor Yard"), and was a corporation doing business in the State of California.  The Taylor Yard was located at 2850 Kerr Street in the City of Los Angeles on a 245-acre parcel along the eastern bank of the Los Angeles River, adjacent to an area designated as a bird sanctuary.

      b.   The Taylor Yard included a locomotive and refrigeration car facility, where maintenance was performed on train equipment.  These maintenance operations generated pollutants, such as waste petroleum, waste lubrication oil, waste hydraulic fluid, used antifreeze, and oil contaminated wastewater.  Wastewater was discharged to wastewater ponds outside the locomotive facility via a piping system.

      c.   On or about January 11, 2001, during a rain event, wastewaters contaminated with petroleum overflowed from the wastewater ponds and negligently discharged into the Los Angeles River.  The discharge was due, in part, to the negligent operation of a pump associated with the ponds.  At that time, approximately 150 gallons of oil-contaminated wastewaters discharged from the ponds into the Los Angeles River.

      d.   On or about August 9, 2001, due to a ruptured water main line, wastewater contaminated with petroleum overflowed from a separator basin associated with the wastewater ponds and negligently discharged into the Los Angeles River.  The discharge was due, in part, to the negligent failure to contain the water as it was being released from the ruptured water main and entered the wastewater treatment system.  At that time,

4

approximately 200 gallons of oil-contaminated wastewaters discharged into the Los Angeles River.

       e.  At the time of these discharges, defendant did not have a permit authorizing any such discharge into the Los Angeles River.

## WAIVER OF CONSTITUTIONAL RIGHTS

7.  By pleading guilty, defendant gives up the following rights:

       a.  The right to persist in a plea of not guilty.

       b.  The right to a speedy and public trial by jury.

       c.  The right to the assistance of counsel at trial.

       d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

       e.  The right to confront and cross-examine witnesses against defendant.

       f.  The right to call witnesses to testify on defendant's behalf and to subpoena those witnesses to testify.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, constitutional claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

8.  Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable

5

in determining the fine for an organization.

9. Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, defendant shall be sentenced to a term of organizational probation for three years, based upon the following factors set forth in 18 U.S.C. § 3553(a): The nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

The terms and conditions of probation shall be:

a. Defendant shall pay a total criminal penalty of $400,000 as to counts one and four of the information. Defendant shall pay $200,000 as a criminal fine and $200,000 as a community service payment.

b. Specifically, defendant shall pay a criminal fine of $200,000 as to counts one and four of the information. Payment of the criminal fine shall be in the form of a cashier's check payable to the United States on the date of sentencing.

c. Defendant shall make an organizational community service payment in the total amount of $200,000 pursuant to U.S.S.G. § 8B1.3 and in furtherance of the sentencing principles provided in 18 U.S.C. § 3553(a), for the purpose of funding the projects set forth below in paragraphs 10-11.

d. Defendant agrees that it shall commit no further violations of federal, state, or local law.

6

e. Defendant stipulates and agrees to pay full restitution for the losses caused by defendant's activities as set forth herein, including, but not limited to, costs incurred by the California Department of Fish and Game, United States Coast Guard, and Los Angeles County Fire Department, Health Hazardous Materials Division of Public Works in responding to, abating, and cleaning up the discharges at issue in this matter. Defendant agrees that, in return for the USAO's compliance with its obligations under this Agreement, the amount of restitution is not restricted to the amounts alleged in the counts to which defendant is pleading guilty and may include losses arising from counts dismissed pursuant to this Agreement as well as all relevant conduct in connection with those counts. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

f. Defendant agrees to pay to the Clerk of the United States District Court for the Central District of California on the date of sentencing (or as soon as the Court is able to accept the payment) the mandatory special assessment of $250 as to counts one and four.

COMMUNITY SERVICE

10. Defendant shall make an organizational community service payment in the total amount of $200,000 pursuant to U.S.S.G. § 8B1.3 and in furtherance of the sentencing principles provided for under 18 U.S.C. § 3553(a). The explicit goal of defendant's

7

required community service is to fund environmental projects and initiatives designed for the benefit, preservation, and restoration of the environment and ecosystems in the Central District of California. These projects and initiatives are to include, but are not limited to, the following: monitoring, study, restoration, and preservation of fish, wildlife, and plant resources; monitoring, study, clean up, remediation, sampling, and analysis of pollution and other threats to the environment and ecosystem; research, study, training, planning, repair, maintenance, education, and public outreach relating to the environment and ecosystem; and enforcement of environmental and wildlife protection laws. Accordingly, defendant agrees that within seven days after sentencing, defendant shall pay a total of $200,000 to the National Fish and Wildlife Foundation (the "NFWF").

11. The NFWF is a charitable and nonprofit corporation established pursuant to 16 U.S.C. § 3701-3709. Its purposes include the acceptance and administration of "private gifts of property for the benefit of, or in connection with, the activities and services of the United States Fish and Wildlife Service," and the performance of "such other activities as will further the conservation and management of the fish, wildlife, and plant resources of the United States, and its territories and possessions for present and future generations of Americans." 16 U.S.C. § 3701(b)(1),(2). The NFWF is empowered to "do any and all acts necessary and proper to carry out" these purposes,

including, specifically, solicitation, acceptance, and administration of "any gift, devise or bequest . . . of real or personal property." 16 U.S.C. § 3703(c)(1), (7). The $200,00 is to be used by the NFWF for the preservation, restoration, and general protection of marine wildlife, resources, and ecosystems located in the Central District of California, including projects designed to protect and restore populations of sea birds, fisheries, wildlife, and marine mammals, in or near the coastal waters and intercoastal waterways of the Central District of California. Monies may also be used for the purchase of communication and defensive equipment and patrol vessels and vehicles; training; response to and clean up of pollution spills or threats of pollution; preservation and or construction of facilities; collection, research, analysis, study, preservation, storage, display, and protection of historical, cultural, natural, and marine and island resources and wildlife; and law enforcement and patrol operations.

12. Defendant agrees that because the payment to the NFWF is community service by an organization, defendant will not seek any reduction in its tax obligations as a result of such community service payment. Defendant further agrees that because this payment is part of a criminal settlement agreed upon in this Agreement, defendant will not characterize, publicize, or refer to the payment as anything other than a community service payment made as a condition of probation incidental to a criminal conviction.

## DEFENDANT'S OBLIGATIONS

13. Defendant agrees:

    a.  To plead guilty as set forth in this Agreement.

    b.  To abide by all sentencing stipulations contained in this Agreement.

    c.  To appear as ordered for all court appearances and obey any other ongoing court order in this matter.

    d.  Not to commit any crime.

    e.  To be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f.  To pay the applicable special assessment at the time of sentencing or as soon as the Court is able to accept payment.

    g.  To pay the $200,000 fine and $200,000 of community service within seven days after sentencing.

## THE USAO'S OBLIGATIONS

14. If defendant complies fully with all of defendant's obligations under this Agreement, the USAO agrees:

    a.  To abide by all sentencing stipulations contained in this Agreement.

    b.  At the time of sentencing to move to dismiss the remaining counts of the information as against defendant.

## BREACH OF AGREEMENT

15. If defendant, at any time between the execution of this Agreement and defendant's sentencing knowingly violates or fails to perform any of defendant's obligations under this Agreement

("a breach"), the USAO may declare this Agreement breached. If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty pleas, and the USAO will be relieved of all of its obligations under this Agreement.

16. Following a knowing and willful breach of this Agreement by defendant, should the USAO elect to pursue any charge that was dismissed as a result of this Agreement, then:

    a. Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of this Agreement and the commencement of any such prosecution or action.

    b. Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this Agreement.

## LIMITED WAIVER OF APPEAL AND COLLATERAL ATTACK

17. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is that agreed to in paragraph 9 above. Defendant also gives up any right to bring a post-conviction attack on the conviction or sentence, except a post-conviction attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing

Guidelines, sentencing statutes, or statutes of conviction.

18. The USAO gives up its right to appeal any sentence imposed by the Court, including any order of restitution, provided that the sentence is that agreed to in paragraph 9 above.

## COURT NOT A PARTY

19. The Court is not a party to this Agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. In the event the Court declines to accept this Agreement, the parties may opt to withdraw their assent to the terms herein.

## NO ADDITIONAL AGREEMENTS

20. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

21. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This Agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_/s/ Nov_  April 15, 2008
DOROTHY C. KIM                Date
Assistant United States Attorney


As an authorized representative of defendant UNION PACIFIC RAILROAD COMPANY ("defendant"), I have read this Agreement and carefully discussed every part of it with defendant's attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. Defendant's attorney has advised me of defendant's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to me

//
//

13

or defendant other than those contained in this Agreement. No one has threatened or forced me or defendant in any way to enter into this Agreement. Finally, I am satisfied with the representation provided by defendant's attorney in this matter.

_____  _3/27/08_
Authorized Corp. Representative       Date
of defendant UNION PACIFIC RAILROAD CO.

I am defendant's attorney. I have carefully discussed every part of this Agreement with the authorized representative of defendant. Further, I have fully advised the authorized representative of defendant's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, the decision of defendant and its authorized representative to enter into this Agreement is an informed and voluntary one.

_____  _3/31/08_
CRAIG C. ALLISON                      Date
Counsel for Defendant
UNION PACIFIC RAILROAD CO.

14